## Case No. 16,244.

### UNITED STATES v. SCROGGINS.

[3 Woods, 529.] [1]

Circuit Court, N. D. Georgia. March Term, 1879.

UNITED STATES COMMISSIONERS AND ATTORNEYS—WARRANTS OF ARREST.

1. A United States marshal, who receives a warrant to be served from a circuit court commissioner, is bound to make return of his doings thereunder.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

2. The United States attorney has no authority to take from the hands of the marshal warrants regularly issued to him by a circuit court commissioner, for the purpose of deciding whether or not such warrants shall be executed.

[Cited in U. S. v. Ebbs, 10 Fed. 373; 49 Fed. 152.]

[3. Cited in Ex parte Perkins, 29 Fed. 911, to the point that a commissioner, as an examining magistrate, has the same powers, and derives them from the same source, as the chief justice or other justices or judges of the United States would have when acting in the same capacity.]

W. H. Smyth, a commissioner of this court, filed his petition, in which he represented that as such commissioner he had issued a warrant for the arrest of one Wesley Scroggins, directed to the United States marshal for the Northern district of Georgia; that this warrant was dated January 17, 1879, and on that day placed in the hands of the marshal for execution; that on February 10, 1879, he, the said commissioner, addressed an official letter to the marshal inquiring what disposition he had made of said warrant; that the marshal replied to said letter, and to other letters of the same tenor, subsequently addressed to him by the commissioner, declining to give the information sought, and refusing to make any return to the commissioner of his actings and doings under said warrant. The petitioner, therefore, prayed for a rule upon the marshal to show cause why he had not executed the warrant, and why he should not make a return thereof to the commissioner.

The court granted the rule prayed for by the petition, and in compliance therewith the marshal answered: (1) That he had not made return of his actings and doings on said warrant to the commissioner, because he was not required to do so by any law known to him. (2) That he had not executed said warrant because, after the same was placed in his hands by the commissioner, it was taken from him by the district attorney for consideration and determination by that officer, whether or not public interests required it to be executed, and it was still in the hands of the district attorney for that purpose. The matter came on for hearing upon the sufficiency of these answers to the rule.

A. T. Akerman and H. K. McCay, for the marshal.

W. H. Smyth, contra.

WOODS, Circuit Judge. 1. There is no ground for the idea that a marshal can receive warrants, commanding him to arrest parties therein named, and make no return thereon. He is clearly bound to make return, either that he has arrested the party against whom the warrant was issued, or that the party could not be found in his bailiwick, or give some other excuse for not making the arrest. The oath of office prescribed for the marshal requires him to "faithfully execute all lawful precepts directed to him under authority of the United States, and true returns make." Such, also, is the course required by the common law. The officer may retain the warrant for his own protection, but he must return to the justice what he has done in pursuance of his command: 2 Ld. Raym. 1196; Beck. Just. Arrest, 14. So, by the Code of Georgia, constables may be ruled by their respective justices' courts, and compelled to give an account of their actings and doings. Code 1873, § 4170. What they may be ruled to do, it is their duty to do without rule. The idea that a ministerial officer may pocket a warrant issued to him by lawful authority, and refuse to make any return, or give any reason for not executing it, is, in my judgment, without any foundation, at either the common law, or in the statutes of the United States. The marshal may, it is true, make his return to the commissioner before whom he takes his prisoner for examination, but he must make a return to him. If the person against whom the warrant issues cannot be found, a return of that fact should be made to the commissioner who issues the warrant. By a rule of this court, adopted June 10, 1878, every commissioner of the court is required, at the close of every fiscal year, to file in the office of the clerk of the court a report of all warrants issued by him during the year, stating against whom and on whose affidavit issued, and stating how many, and which of said warrants have been executed, etc. Clearly, it is impossible for the commissioner to comply with this rule, if the marshal refuses to make return of the warrants placed in his hands; or if he has made return of the warrant to another commissioner, before whom he has taken the prisoner, and refuses, when officially inquired of by the commissioner who issued the warrant, to state that fact. Under this rule, it clearly becomes the duty of the marshal to give to the commissioner at least a report of his actings and doings under the warrant placed in his hands.

2. The second question presented by the answer of the marshal to the rule, is, whether the district attorney has authority to take commissioners' warrants from the hands of the marshal, in order to determine whether they should be executed or not. I can find no statute law or usage which confers such a power on the district attorney. The Revised Statutes of the United States (section 1014) expressly confer on any justice or judge of the United States, and on the commissioners of the circuit court, power to arrest, imprison or bail offenders against the laws of the United States, agreeably to the usual modes of process against offenders in the state where the arrest is made. This power, conferred on the commissioners by this section, is precisely the same as that conferred on the justices of the United States

supreme court and the judges of the circuit courts. It is not made subject to the supervision of the marshal or district attorney. The judge or the commissioner acts on his own responsibility, and is not accountable to, or subject to the control of either of these officers. If the district attorney has no authority to suppress a warrant issued by the chief justice of the United States, he cannot interfere with the warrant of a circuit court commissioner, for both derive their powers from precisely the same law. As well said by Justice Field, in U. S. v. Schumann [Case No. 16,235]: "The commissioner is made a magistrate of the government, exercising functions of the highest importance to the administration of justice. He is an examining and committing magistrate, bound to hear all complaints of the commission of any public offense against the laws of the United States in his district, to cause the offender to be arrested, to examine into the matters charged, and to commit for trial or to discharge from arrest, according as the evidence fails or tends to support the accusation. For the faithful discharge of his duty in these particulars he alone is accountable. He has no divided responsibility with any other officer of the government, nor is he subject to any other's control." And in the case from which this citation is made, Justice Field held that even after the offender was arrested and the case was under examination before the commissioner, the district attorney had no absolute power to dismiss the proceeding. Much less has he power to suppress a warrant before arrest. If the district attorney can suppress a commissioner's warrant after it is issued and before it is executed, he can forbid the commissioner to issue the warrant. If he has this supervision of the conduct of the commissioners, he has the same over the conduct of the circuit justices and the circuit and district judges, and can forbid them to issue warrants, although, in their judgment, the warrants should issue. Such a power will hardly be claimed for the district attorney, and yet such a power is the logical sequence of what is claimed for him on this hearing. No claim that the power is exercised by the district attorney, to prevent abuses or control expenses, can justify it. The power does not exist in that officer, and it would be a most dangerous power, and liable to the greatest abuses, if it did.

We have been referred to sections 838 and 3164 of the Revised Statutes, as warrant for the action of the district attorney in this case. A glance at section 831 will show that it has no reference to criminal proceedings, and an examination of both sections will show that neither confers on the district attorney any supervision over circuit court commissioners, or the warrants issued by them. In my judgment, the answers of the marshal to the rule are insufficient. It is his duty to execute all warrants that lawfully come to his hands, and to make due return thereof, and the officer issuing the warrant is entitled to know what is done under it. As both the marshal and district attorney have acted in this matter in the highest good faith, and from a sense of duty only, it will not be necessary to do more than to pass an order requiring the marshal to make return to the commissioner of his actings and doings under the warrant against Wesley Scroggins. And it is so ordered.