THE STATE v. DAVID F. LINN, Appellant.

**Division Two, November 23, 1909.**

1. **NO EXCEPTIONS: Filing: Criminal Case.** Where the bill of exceptions was not filed in the time permitted by court, evidence cannot be considered on appeal, and nothing but the indictment, arraignment, verdict, sentence and judgment, and if they are free from error, the judgment will be affirmed.

2. **————: No Filing.** The court's signature to the customary recital with which it is the practice to close bills of exceptions, is not a filing of the bill, and does not entitle the bill to be made a part of the transcript.

Appeal from Buchanan Criminal Court.—*Hon. A. W. Lincoln*, Special Judge.

AFFIRMED.

*Elliott W. Major*, Attorney-General, and *James T. Blair*, Assistant Attorney-General, for the State.

(1) There is no bill of exceptions in the record. Motions to quash, applications for continuance, instructions and motions for new trial and in arrest are strewn through the record, but no proper steps were taken in the lower court to preserve any matters of exception for review. None of the evidence has been brought to this court. In this state of the record nothing is reviewable except the record proper. Motions, instructions, etc., have no place in the record proper, and, unless preserved by bill of exceptions, cannot be considered. State v. Shehane, 25 Mo. 566; State v. Herron, 199 Mo. 160; State v. Harvey, 105 Mo. 317; Nichols v. Stevens, 123 Mo. 119. (2) The record proper being free from error, and there being no bill of exceptions in the record, the judgment should not be disturbed. State v. Long, 214 Mo. 324; State v. Hamilton, 214 Mo. 315; State v. Foley, 214 Mo. 309.

GANTT, P. J.—On the 25th day of November, 1907, the grand jury of Buchanan county returned an indictment, charging the defendant, David F. Linn, and another, with the crime of mayhem. On the same date defendant waived formal arraignment and entered his plea of not guilty. A change of venue from the regular judge was taken, and Hon. A. W. Lincoln of the Greene County Criminal Court was called in to try the case.

A jury was impaneled and sworn and by their verdict assessed defendant's punishment at fifteen years in the penitentiary. Appellant's codefendant was acquitted.

On January 29, 1908, defendant filed his motion for a new trial, this and a motion in arrest were over-ruled, and judgment and sentence rendered on the verdict, and defendant appealed to this court.

By successive orders the time for filing bill of exceptions was extended until the 1st day of November, 1908, term of court. No bill was filed in time, but on December 23, 1908, court and counsel collaborated in an effort to construct an entry which would retroact and close the gap between the first day of the November and the 1st day of the March term, 1909.

No bill of exceptions, however, was ever filed, no further entries with reference to the subject appearing.

On a separate page appears the court's signature to the customary recital with which it is the practice to close bills of exceptions, but this is the sole particular in which the transcript certified as a ''transcript of the files and record entries,'' intimates that a bill of exceptions was filed.

The indictment was drawn under section 1846, Revised Statutes 1899, and is a sufficient charge of mayhem. [State v. Nerzinger, 119 S. W. 379; Neblett v. State, 47 Tex. Crim. Rep. 573; U. S. v. Scroggins,

27 Fed. Cas. 1000; 3 Russell on Crimes, pp. 696 and 698.] The arraignment, the impaneling of the jury and the verdict and sentence are all in due and proper form.

While there is a paper indicating that it is the closing of a bill of exceptions, in fact none of the testimony has been preserved and none of the so-called exceptions appear in the transcript and hence we have only the record proper before us for review, and no error having occurred therein, the judgment is affirmed.

*Burgess and Fox, JJ.,* concur.